UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

D'ANDRE ALEXANDER #731077,

    Plaintiff,

Case No. 2:16-CV-74

v.

HON. GORDON J. QUIST

UNKNOWN LEE, et al.,

    Defendants.

                               /

## ORDER ADOPTING IN PART AND REJECTING
## IN PART REPORT AND RECOMMENDATION

On April 19, 2017, Magistrate Judge Greeley issued a Report and Recommendation (R & R) recommending that the Court grant in part and deny in part Defendants' motion for partial summary judgment based on Plaintiff's failure to exhaust his administrative remedies. In particular, the magistrate judge concluded that Plaintiff exhausted as to Defendant Makela, but not as to Defendants Horrocks and Durand. (R & R at 7–8.)

With regard to Defendant Horrocks, the magistrate judge noted that in his Step I grievance, Plaintiff included only Defendant Horrocks in the portion that asks how the grievant attempted to resolve the issue before filing the grievance. The magistrate judge also noted that, while Plaintiff did add Defendant Horrocks at Step III, the only conduct of Defendant Horrocks that Plaintiff described was that she told Plaintiff that he was going to get his television back, which showed that she was not a part of the alleged retaliatory conspiracy. (*Id.* at 7.) Finally, the magistrate judge concluded that Plaintiff's argument that he exhausted his remedies against Defendant Horrocks in another grievance should be rejected because, even though Plaintiff said he never received a response to that grievance, Plaintiff never attempted to pursue the grievance at Step II or Step III as required by MDOC Policy. (*Id.* at 8.)

With regard to Defendant Durand, the magistrate judge noted that, as with Defendant Horrocks, Plaintiff added Durand to his Step III grievance and said that Durand told Plaintiff he was going to get his television back. The magistrate judge concluded that this statement showed that Durand was not part of the alleged conspiracy to deprive Plaintiff of his television. (*Id.*)

Plaintiff has filed Objections to the R & R, arguing that he did, in fact, exhaust his claims against Defendants Horrocks and Durand. Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Plaintiff's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted with regard to the recommendation as to Defendant Makela, but rejected with regard to the recommendations as to Defendants Horrocks and Durand.

Regarding Defendant Horrocks, Plaintiff notes that although his Step I grievance is not clearly legible, he wrote, "I even saw the ARUS of B-block in the Brook Center (Horrocks) inquiring about it (his television) and she stated the same thing as Fred, that I wasn't getting it back." (ECF No. 32 at PageID.289.) The Court has reviewed the Step I grievance and, although it is difficult to read, it appears that Plaintiff wrote in the Step I form that Defendant Horrocks told Plaintiff that he was not getting his television back. (ECF No. 32-1.) As for the Step III grievance, Plaintiff says that he made a clerical error because he intended to write "wasn't," rather than "was" in reference to Horrocks talking about Plaintiff getting his television back. Plaintiff states that this is consistent with his statement in his Step I grievance that Defendant Horrocks said the same thing as Defendant Govern—that Plaintiff was not going to get his television back. Plaintiff states that the entire grievance was about all Defendants stating that Plaintiff was not going to get his television back. In light of Plaintiff's clarifications, which appear consistent with the Step I and Step III

2

grievances, the Court concludes that Plaintiff exhausted as to Defendant Horrocks.

Finally, as for Defendant Durand, Plaintiff notes that he wrote in his Step III grievance that "Property room guy Durand said same thing," as Horrocks, meaning that Plaintiff was not going to get his television back. (ECF No. 32 at PageID.290; ECF No. 32-1 at pageID.294.) Because Durand was saying the same thing as Horrocks, who in turn was saying the same thing as "Fred"—that Plaintiff was not getting his television back—Plaintiff has shown that he exhausted as to Defendant Durand as well.

Therefore,

**IT IS HEREBY ORDERED** that the April 19, 2017, Report and Recommendation (ECF No. 31) is **ADOPTED IN PART AND REJECTED IN PART**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Partial Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies (ECF No. 21) is **DENIED**.

Dated: September 29, 2017    /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE